Argued October 27, reversed November 30, 1915, rehearing denied February 15, 1916.

# DARBY v. HINDMAN.*

(153 Pac. 56.)

**Wills—Contest—Burden of Proof on Proponent.**

1. In a proceeding to contest a will, the proponent has the burden of proof to establish every fact necessary to make a valid will, including the mental capacity of the testator.

**Wills—Testamentary Capacity of Testator.**

2. From the evidence it appears that at the time the alleged will was executed the testator did not know that he was signing a will, and the whole instrument was the suggestion of other minds, the signature of the testator being made by another person holding the pen and directing his hand, such will being, as far as he was concerned,

---

*As to what constitutes testamentary capacity or incapacity, see notes in 27 L. R. A. (N. S.) 2; L. R. A. 1915A, 443.

On presumption and burden of proof as to testamentary capacity, see notes in 17 L. R. A. 494; 36 L. R. A. 724, 733.          REPORTER.

a wholly unconscious act, and for lack of a sound and disposing mind, or testamentary capacity on the part of said testator, such alleged will is invalid.

[As to testamentary as contrasted with contractual capacity, see note in **Ann. Cas.** 1915A, 362.]

From Baker: GUSTAV ANDERSON, Judge.

In Banc.   Statement by MR. JUSTICE McBRIDE.

This is a proceeding by Mary H. Darby against Albert Hindman, and others, contesting the validity of the will of one Thomas Huffman, who died in Baker County, Oregon, about September 11, 1913.   An instrument, purporting to be his last will and testament, was admitted to probate on October 23, 1913, and thereafter the contestant filed her petition contesting the alleged will on the ground of want of mental capacity in the testator to execute a will.   The County Court entered a decree sustaining the validity of the will, which decree was affirmed by the Circuit Court upon appeal, and contestant appeals to this court.

REVERSED.   REHEARING DENIED.

For appellant there was a brief with oral arguments by *Mr. Alfred S. Bennett* and *Mr. John L. Rand.*

For respondents there was a brief and an oral argument by *Mr. Claude Hindman.*

MR. JUSTICE McBRIDE delivered the opinion of the court.

1. The burden of proof was upon the proponent to establish every fact necessary to make a valid will, including the mental capacity of the testator: *Hubbard* v. *Hubbard,* 7 Or. 42; *Luper* v. *Werts and Smith,* 19 Or. 122 (23 Pac. 850); *Holman's Will,* 42 Or. 345 (70 Pac. 908); *Mendenhall's Will,* 43 Or. 542 (72 Pac. 318, 73

Pac. 1033). There is no dispute between counsel as to the rules of law applicable to this case; the sum of all the authorities being:

"A sound and disposing mind or testamentary capacity implies that the testator fully understands what he is doing and how he is doing it."

2. A very careful examination of the testimony here fails to satisfy us of the testamentary capacity of the decedent. On the contrary, we are convinced that at the time the alleged will was executed he was in a semiconscious condition, and that he was neither capable of comprehending his relation to the persons who were or should or might have been the objects of his bounty, or the scope and bearing of the provisions of his will. The testimony which seems to us to be the most likely to be disinterested and fair, and which we therefore accept, indicates that he did not know he was signing or executing a will, but that its whole contents were the suggestion of other minds and his signature, which was effected by another person holding the pen and directing his hand, was, so far as he was concerned, a wholly unconscious act, and of no more validity than if he had been then, what he actually was a few hours later, a corpse. The testimony is very conflicting, and a discussion of it in detail would consume many pages in the Oregon Reports, and would be of interest or benefit to nobody, and we therefore state only the ultimate conclusions arrived at from our study of the testimony.

The decree of the Circuit Court is reversed, and a decree will be entered here declaring the alleged will invalid.                REVERSED. REHEARING DENIED.